UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERA BOZZINI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FERGUSON ENTERPRISES LLC, et al.,<br><br>    Defendants. | Case No. 22-cv-05667-AMO<br><br>**ORDER RE MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 69, 70, 73 |

This order assumes familiarity with the factual allegations and procedural background of this putative ERISA class action, the relevant legal authority, and the parties' arguments. The Court rules on the three pending motions to dismiss[1] as set forth below.

The Ferguson Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs' first cause of action for breach of the fiduciary duty of prudence is **DISMISSED WITH LEAVE TO AMEND**. Plaintiffs' allegations that Defendants held on to underperforming funds, did not opt for lower cost shares, chose actively managed funds instead of passively managed index funds, and declined to invest better-performing funds, *see* ECF 80 at 16, do not, without further factual allegations, give rise to a breach of fiduciary duty claim. *See Davis v. Salesforce.com, Inc.*, No. 21-15867, 2022 WL 1055557, at *2 n.1 (9th Cir. Apr. 8, 2022) (finding that plaintiffs had "not plausibly alleged that defendants breached the duty of prudence by failing to adequately consider passively managed mutual fund alternatives to the actively managed funds offered by the plan."); *Anderson v. Intel Corp. Inv. Pol'y Comm.*, 579 F. Supp. 3d 1133,

---

[1] Where there is overlap across the motions to dismiss, the Court does not repeat its analysis of an issue in connection with each motion. Additionally, as this order does not rely on any materials subject to Defendants' requests for judicial notice, those requests are **DENIED AS MOOT**.

1154 (N.D. Cal. 2022) (explaining that " '[a] complaint cannot simply make a bare allegation that costs are too high, or returns are too low,' and an allegation that a fund is mismanaged must be fact-specific because 'there is no one-size-fits-all approach' to investment.") (citation omitted); *Partida v. Schenker Inc.*, No. 22-CV-09192-AMO, 2024 WL 1354432, at *7 (N.D. Cal. Mar. 29, 2024) (concluding that "without factual allegations about the allegedly flawed process for selecting the plans, allegations that a fund 'underperformed' are insufficient for a duty of prudence claim"); *Tobias v. NVIDIA Corp.*, No. 20-CV-06081-LHK, 2021 WL 4148706, at *11 (N.D. Cal. Sept. 13, 2021) ("[f]ollowing other courts in this circuit that have considered similar allegations," and finding "that [p]laintiffs' allegations regarding the availability of lower cost share classes are, without more, insufficient to state a claim for breach of the duty of []prudence."). Plaintiffs' assertion that Defendants "misrepresent[ed] material information about Plan options and expenses to participants[,]" *see* ECF 80 at 16, is also insufficient to save this claim from dismissal. There are no specific factual allegations sufficient to establish a plausible claim for breach of fiduciary duty based on misrepresentation. *See Baker v. Save Mart Supermarkets*, 684 F. Supp. 3d 980, 987 (N.D. Cal. 2023) (citation omitted) ("To prevail on a breach of fiduciary duty claim based on a misrepresentation, a plaintiff must show: (1) the defendant's status as an ERISA fiduciary acting as a fiduciary; (2) a misrepresentation by the defendant; (3) the materiality of that misrepresentation; and (4) detrimental reliance by the plaintiff on the misrepresentation."). Plaintiffs' attempt, in their opposition, to recast their allegations as an attack on Defendants' investment process is unavailing, as they point to no corresponding allegations in the first amended complaint. For these reasons, the first cause of action fails to state a plausible claim for breach of the fiduciary duty of prudence.

Plaintiffs' second cause of action for breach of the fiduciary duty of loyalty is also **DISMISSED WITH LEAVE TO AMEND**. While Plaintiffs assert in their opposition that the duty of loyalty claim "rest[s] on different facts" than their duty of prudence claim, they point to no corresponding facts in the operative complaint. *See* ECF 80 at 23-24. The failure to clearly delineate these claims alone warrants dismissal. *See McClean v. Solano/Napa Counties Elec. Workers Profit Sharing Plan*, No. 23-CV-01054-AMO, 2024 WL 3747389, at *9 (N.D. Cal. Aug.

7, 2024) (dismissing breach of fiduciary duty claims where the plaintiffs "lumped [them] together in each count without reference to the distinct factual basis giving rise to each alleged breach."); *Akhlaghi v. Cigna Corp.*, No. 19-CV-03754-JST, 2019 WL 13067381, at *4 (N.D. Cal. Oct. 23, 2019) (concluding that "[b]y failing to identify which particular fiduciary duty [the defendant] allegedly breached, [the plaintiff] fail[ed] to plead facts sufficient" to put the defendant on fair notice of the claim).

Plaintiffs' third and fifth causes of action for alleged prohibited transactions are **DISMISSED WITH LEAVE TO AMEND**. Plaintiffs contend that each time Defendants received "excessive compensation to perform unnecessary services" or "compensation that was not commensurate with the services they provided," a prohibited transaction occurred. ECF 80 at 24. More is required to state a viable claim under such a theory: "[f]ederal district courts in California have held that a plaintiff must plead administrative fees that are excessive in relation to the *specific* services the recordkeeper provided to the *specific plan* at issue. A plaintiff must allege 'facts from which one could infer that the same services were available for less on the market.' " *Wehner v. Genentech, Inc.*, No. 20-CV-06894-WHO, 2021 WL 507599, at *5 (N.D. Cal. Feb. 9, 2021) (citations omitted).[2] Because this pleading deficiency alone warrants dismissal, the Court does not reach the parties' remaining arguments about this claim.

Plaintiffs' fourth cause of action for failure to monitor and their seventh cause of action for breach of duty by omission are **DISMISSED WITH LEAVE TO AMEND**. A failure to monitor claim is derivative, and thus only viable when there is an underlying claim for breach of fiduciary duty. *See Partida*, 2024 WL 1354432, at *9 ("A failure to monitor claim is only viable when there is an underlying claim for breach of fiduciary duty.") (citations omitted). Because Plaintiffs have yet to state a plausible claim for breach of fiduciary duty as discussed above, the failure to monitor claim also fails. *See Tobias*, 2021 WL 4148706, at *16 ("Plaintiffs' failure to monitor claim necessarily fails because Plaintiffs have failed to state an underlying ERISA violation. As such, Plaintiffs have failed to state a claim for failure to monitor."). The breach by omission claim

---

[2] For these same reasons, to the extent Plaintiffs also base their duty of prudence claim on excessive fees, it also fails.

3

likewise depends on underlying wrongful conduct, i.e., Defendants' failure to take action in response on the alleged wrongful conduct that is the basis for Plaintiffs' other breach of fiduciary duty claims. *See* ECF 80 at 25. As such, it rises and falls with those other claims, which are dismissed in this order.

Plaintiffs' eighth cause of action for failure to furnish required plan documents is **DISMISSED WITH LEAVE TO AMEND**. First, Plaintiffs do not respond to Ferguson's arguments about whether they have standing to pursue this claim, *see* ECF 80 at 26, and that portion of Ferguson's motion is thus **GRANTED AS UNOPPOSED**. Second, Plaintiffs' bare "request for information" is devoid of factual allegations about the materials requested, which precludes any determination at this stage as to whether Ferguson was required to furnish those materials under the statute Plaintiffs invoke. Plaintiffs must allege additional facts so that Defendants are on fair notice of the nature of the claim asserted against them. *See Hughes Salaried Retirees Action Comm. v. Adm'r of Hughes Non-Bargaining Ret. Plan*, 72 F.3d 686, 691 (9th Cir. 1995) (explaining that ERISA Section 104(b) "requires the disclosure of only the documents described with particularity and 'other instruments' similar in nature.").

With respect to the remaining issues raised in the Ferguson Defendants' motion, Plaintiffs have not opposed Defendants' arguments about their lack of standing to assert claims related to excess fees that they did not pay. Defendants' motion is therefore **GRANTED AS UNOPPOSED** on that issue. The motion, however, is **DENIED** insofar as they challenge Plaintiffs' standing for failure to allege the specific fund in which they invested. Each plaintiff alleges to have invested in one or more of the funds at issue. These allegations are sufficient for standing purposes at this stage. *See Phillips v. Cobham Advanced Elec. Sols., Inc.*, No. 23-CV-03785-EJD, 2024 WL 3228097, at *7 (N.D. Cal. June 28, 2024) (finding that "allegations sufficiently demonstrate individualized injury for Article III standing" where "they show that each [p]laintiff invested in at least one fund in the challenged" suite); *see also Partida*, 2024 WL 1354432, at *5 (finding standing where the plaintiff invested in at least one of the plan funds).

As to the statute of repose, Plaintiffs seek to avoid dismissal based on untimeliness by asserting that Defendants "concealed" the conduct giving rise to their claims even though

4

Plaintiffs rely on publicly available documents to substantiate the allegations in their complaint. *Compare* ECF 80 at 12 *with* ECF 44 at 7. They offer no factual allegations plausibly establishing any concealment by Defendants. The Court **GRANTS LEAVE TO AMEND** so that Plaintiffs may allege any facts they have on the issue of concealment in the next iteration of their complaint.

With respect to Plaintiffs' naming of two committee members – William Brundage and Richard Winckler – as defendants, there are insufficient factual allegations to establish that either of them acted as fiduciaries against whom Plaintiffs may assert their claims. Plaintiffs seek to keep Brundage and Winckler in this suit "to the extent" that they had or exercised discretion or control, and they give one example of a transaction that Brundage or some other member approved. ECF 80 at 26. "[A] person's actions, not the official designation of his role, determine whether he enjoys fiduciary status." *Acosta v. Pac. Enterprises*, 950 F.2d 611, 618 (9th Cir. 1991). Because Plaintiffs not have sufficiently alleged facts as to actions Brundage or Winckler undertook in their respective roles, the Court **DISMISSES** Brundage and Winckler from this action and **GRANTS LEAVE TO AMEND** so that Plaintiffs can bolster the factual allegations as to these two defendants' alleged fiduciary status.

As to Ferguson's request to strike Plaintiffs' jury demand, "plan participants and beneficiaries are not entitled to jury trials for claims brought under, or preempted by, section 502 of ERISA." *Thomas v. Oregon Fruit Products Co.*, 228 F.3d 991, 996 (9th Cir. 2000). Plaintiffs' reliance on a subsequent Supreme Court decision – *Great-West Life & Annuity Insurance Company v. Knudson*, 534 U.S. 204, 214 (2002) – is misplaced. As one Court in this district has explained:

> [Plaintiff] contends that *Thomas,* and other decisions like it, were overtur[n]ed by the Supreme Court in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002). Not so. In *Great-West*, the Supreme Court held that an action grounded on the imposition of a personal contractual obligation to pay money was fundamentally legal in nature and could not be brought under Section 502(a)(3). The Supreme Court did not address any issue pertaining to the right to a jury trial under ERISA.

*Fowler v. Aetna Life Ins. Co.*, No. C 08-03463 WHA, 2008 WL 4911172, at *5 (N.D. Cal. Nov.

13, 2008); *see also Fontana v. Guardian Life Ins. Co. of Am.*, No. C 08-01231 CRB, 2008 WL 895700, at *1 (N.D. Cal. Mar. 31, 2008) ("Plaintiff's demand for a jury trial must be stricken. . . . The Ninth Circuit has held that there is no right to a jury trial in ERISA cases. . . . As *Great-West* did not overrule *Thomas,* this district court is bound by the law of the Ninth Circuit.") (citations omitted); *Stout v. Hartford Life & Acc. Ins. Co.*, No. C 11-6186 CW, 2012 WL 762024, at *1 (N.D. Cal. Mar. 8, 2012) (granting motion to strike and rejecting the plaintiff's argument that in *Great West*, "the Supreme Court changed the law regarding jury trials"); *Rodrigues v. Bank of Am.*, No. C 16-1390 CW, 2016 WL 3566950, at *4 (N.D. Cal. July 1, 2016) (applying *Thomas* and striking demand for jury trial). Accordingly, Plaintiffs' jury demand is **STRICKEN**.

The Prudential Defendants' motion to dismiss is **GRANTED WITH LEAVE TO AMEND**. Plaintiffs allege that Prudential engaged in prohibited transactions, but "when a service provider's definitively calculable and nondiscretionary compensation is clearly set forth in a contract with the fiduciary-employer, collection of fees out of plan funds in strict adherence to that contractual term is not a breach of the provider's fiduciary duty." *See Santomenno v. Transamerica Life Ins. Co.*, 883 F.3d 833, 841 (9th Cir. 2018). To the extent Plaintiffs base their claims on conduct unrelated to such compensation, they have not alleged sufficient facts that would plausibly establish Prudential's status as a fiduciary. Insofar as Plaintiffs sought to base their claims against Prudential on a theory of non-fiduciary liability, the Court agrees with Prudential that Plaintiffs have abandoned any such theory by failing to defend it in their opposition brief. *See Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("A plaintiff who makes a claim . . . but fails to raise the issue in response to a defendant's motion to dismiss . . . has effectively abandoned his claim[.]").

The CapFinancial Defendants' motion to dismiss is **GRANTED WITH LEAVE TO AMEND**. Plaintiffs assert their fifth and sixth causes of action against CapFinancial for alleged prohibited transactions by a fiduciary. Seeking to avoid the conclusion *Santomenno* compels here, Plaintiffs again use their opposition as an opportunity to recast their allegations: "Plaintiffs are neither challenging the Investment Fiduciaries' bargained-for compensation nor the concept of revenue sharing. Rather, Plaintiffs allege that, after they signed the services agreement with

Ferguson, the CapFinancial Investment Fiduciaries unilaterally took action to manipulate and increase their indirect compensation at the expense of participants." ECF 81 at 13. Plaintiffs cite no corresponding allegations in the operative complaint. Accordingly, the CapFinancial Defendants are entitled to dismissal of the two claims Plaintiffs assert against them. The Court, however, **GRANTS LEAVE TO AMEND** so that Plaintiffs have an opportunity to amend their claims to conform to the theory advanced in their opposition brief, provided they have a factual basis for non-conclusory allegations consistent with that theory.

Plaintiffs may file a second amended complaint curing the deficiencies discussed above within 30 days of this order. They may not add additional claims or parties without Defendants' consent or leave of Court. Should Defendants move to dismiss the second amended complaint, they must file a single consolidated brief of no more than 30 pages. Plaintiffs will have a consolidated responsive brief of no more than 30 pages. Defendants shall file a consolidated reply of no more than 18 pages.

**IT IS SO ORDERED.**

Dated: August 30, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**