**MCGUIREWOODS LLP**
Andrew W. Russell (SBN 318634)
Email:  arussell@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA  90067-1501
Telephone:  310.315.8271
Facsimile:  310.315.3171

*[Remaining Counsel listed on next page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERA BOZZINI and ADRIAN GONZALES, individually, and representatives of a Putative Class of Participants and Beneficiaries, on behalf of the FERGUSON ENTERPRISES, LLC, 40l(K) RETIREMENT SAVINGS PLAN f/k/a FERGUSON ENTERPRISES, INC, 401 (K) RETIREMENT SAVINGS PLAN, <br><br> Plaintiffs, <br><br> vs. <br><br> FERGUSON ENTERPRISES, LLC, f/k/a FERGUSON ENTERPRISES, INC.; RETIREMENT PLAN COMMITTEE OF FERGSON ENTERPRISES, LLC 40l(K) RETIREMENT SAVINGS PLAN; and DOES 1-50, <br><br> Defendants. | CASE NO. 3:22-cv-05667-AMO <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWO AND THREE OF PLAINTIFFS' SECOND AMENDED COMPLAINT AND TO STRIKE PLAINTIFFS' JURY DEMAND** <br><br> **Date:**  **January 16, 2025** <br> **Time:**  **2:00 p.m.** <br> **Courtroom:**  **10** <br><br> **Judge: Hon. Araceli Martinez-Olguin** |

195617480.3

NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWO AND THREE OF PLAINTIFFS' SECOND AMENDED COMPLAINT AND TO STRIKE PLAINTIFFS' JURY DEMAND

Peter N. Farley (*Pro Hac Vice*)
Email: pfarley@mcguirewoods.com
Promenade
1230 Peachtree Street N.E., Suite 2100
Atlanta, GA 30309-3534
Telephone: 404.443.5500
Facsimile: 404.443.559

Heidi E. Siegmund (*Pro Hac Vice*)
Email: hsiegmund@mcguirewoods.com
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: 804.775.1000
Facsimile: 804.775.1061

Attorneys for Defendants
FERGUSON ENTERPRISES, LLC; RETIREMENT PLAN COMMITTEE OF FERGUSON
ENTERPRISES, LLC 401(K) RETIREMENT SAVINGS PLAN.

195617480.3

NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWO AND THREE OF PLAINTIFFS' SECOND
AMENDED COMPLAINT AND TO STRIKE PLAINTIFFS' JURY DEMAND

**NOTICE OF MOTION**

**TO PLAINTIFFS TARA BOZZIMI, ADRIAN GONZALES, AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN that, on January 16, 2025 at 2:00 p.m. in Courtroom 10 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Ferguson Enterprises, LLC ("Ferguson") and the Retirement Plan Committee of Ferguson Enterprises, LLC 401(k) Retirement Savings Plan (the "Committee," and, together with Ferguson, the "Defendants") will and hereby do move the Court pursuant to Fed. R. Civ. P. 12(b)(6), 12(f), and 15(a) for an Order dismissing the Second and Third Causes of Action in Plaintiffs' Second Amended Class Action Complaint for Damages ("Second Amended Complaint") and striking Plaintiffs' jury demand, to the extent one is made. First, Plaintiffs acted without leave of Court by asserting new claims, that advance new legal theories based on new facts, against Defendants. Second, Plaintiffs fail to plausibly allege any facts from which the Court could infer that Defendants acted disloyally or engaged in a prohibited transaction related to their reallocation of forfeited assets within the Plan. Defendants further move to strike Plaintiffs' jury demand, to the extent one is made, pursuant to Fed. R. Civ. P. 12(f) because ERISA does not provide Plaintiffs with a right to a trial by jury.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, and all other documents, records and files in this action, all matters of which the Court may take judicial notice, and upon such further written and oral evidence and arguments as may be presented in support of this Motion at or before the time of the hearing.

195617480.3

1

NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWO AND THREE OF PLAINTIFFS' SECOND AMENDED COMPLAINT AND TO STRIKE PLAINTIFFS' JURY DEMAND

DATED: October 25, 2024          **McGuireWoods LLP**

By:    */s/ Andrew W. Russell*
        Andrew W. Russell, Esq.
        Peter N. Farley, Esq.(*pro hac vice*)
        Heidi E. Siegmund, Esq. (*pro hac vice*)
        Attorneys for Defendants
        FERGUSON ENTERPRISES, LLC;
        RETIREMENT PLAN COMMITTEE OF
        FERGUSON ENTERPRISES, LLC 401(K)
        RETIREMENT SAVINGS PLAN

NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWO AND THREE OF PLAINTIFFS' SECOND
AMENDED COMPLAINT AND TO STRIKE PLAINTIFFS' JURY DEMAND

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Following dismissal of their 106-page, eight-count First Amended Complaint, Plaintiffs have changed course in their Second Amended Complaint, dropping all but two named defendants and impermissibly adding two brand new claims without leave of Court.  In those claims, Plaintiffs allege Defendants acted disloyally and engaged in a prohibited transaction by using unvested forfeited contributions exactly as Plan documents direct:  to reduce employer contributions. This novel legal theory reaches far beyond ERISA's requirements and is inconsistent with its implementing regulations.  For these reasons, this Court has already rejected essentially the same allegations on the same facts.  Thus, as stated below, Plaintiffs' Second and Third Causes of Action should be dismissed, with prejudice.

### RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed their first Class Action Complaint on September 30, 2022.  (ECF No. 1.)  In response to Defendants' motions to dismiss, Plaintiffs amended their Complaint on January 30, 2023, alleging eight causes of action against nine defendants.  (ECF No. 44.)  Each defendant again moved for dismissal, and the Court issued an Order granting those motions and dismissing all claims on August 30, 2024.  (ECF No. 102.)  In its Order, the Court granted Plaintiffs leave to "file a second amended complaint *curing the deficiencies discussed*" in the Order within thirty days, but ordered Plaintiffs not to "add additional claims or parties without Defendants' consent or leave of Court." (*Id.* at 7 (emphasis added).)

Plaintiffs filed their Second Amended Complaint on September 27, 2024.  (ECF No. 106.) Plaintiffs did not seek leave from the Court or consent from Defendants to add new claims before filing that Complaint.  Plaintiffs now allege four causes of action: (1) Defendants violated their duty of prudence to Plan participants by charging excessive recordkeeping fees and expenses; (2) Defendants violated their duty of loyalty to plan participants by directing forfeited employer contributions to reduce future employer contributions instead of to reduce Plan fees and expenses; (3) Ferguson engaged in a prohibited transaction by directing forfeited employer contributions to reduce future employer contributions; and (4) Ferguson failed to sufficiently monitor other

195617480.3

3

fiduciaries' performance of fiduciary obligations.  The Second and Third Causes of action, relating to forfeitures, advance entirely new legal theories premised on new factual allegations never before previously raised, and are without any legal merit.

**RELEVANT FACTUAL BACKGROUND**

Ferguson is a plumbing supplies distributor headquartered in Newport News, Virginia. Plaintiffs are former Ferguson employees who participated in the Plan.  (Second Amended Class Action Complaint for Damages ("SAC," ECF No. 106) ¶¶ 17-18.)  The Plan is a defined-contribution retirement plan that offers participants the opportunity to save for retirement by making personal contributions to an individual account.  (SAC ¶¶ 8, 30.)  In addition to personal contributions, in which employees are fully vested at the time the contribution is made, Ferguson provides a "matching" contribution in which employees are fully vested after five years of employment.  (SAC ¶¶ 8, 57-58.)

When an employee leaves Ferguson before they become fully vested in the matching contributions, the unvested amounts—essentially excess employer contributions—are transferred to the Plan's forfeiture account.  (SAC ¶ 59.)  The Plan directs Defendants to allocate such forfeited amounts to reduce employer contributions, unless Ferguson or the Plan Administrator directs otherwise.  Specifically, Section 6.4 of the Plan,[1] attached as <u>Exhibits 1-3</u>[2] to the Declaration of

---

[1] Three different operative plan documents were in effect over the course of the relevant time period.  *See* Ex. 1-3 to Siegmund Decl.  Each contains identical Section 6.4 language addressing forfeitures.  The Plan's name also changed over the course of the relevant time period, as explained in those documents. (Ex. 2-3, Preamble.)

[2] At this stage, the Court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).  The incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself," to prevent "plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  It applies where a plaintiff's "claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  It is appropriate to apply the doctrine to an ERISA plan document that forms the basis of ERISA claims. *Stolte v. Securian Life Ins. Co.*, 621 F. Supp. 3d 1034, 1041 (N.D. Cal. 2022).

195617480.3

4

Heidi E. Siegmund ("Siegmund Decl.")  provides:

> 6.4 Forfeitures. Forfeitures from Matched and Profit Sharing Accounts of Participants who terminate employment prior to becoming fully vested shall be accumulated and, as of the last day of each Plan Year or on such other dates as directed by the Plan Administrator or Employer, **shall be applied to reduce the Employer contribution required to fund Matching Contributions** or, as directed by the Plan Administrator or Employer, to pay reasonable administrative expenses of the Plan.

Ex. 1-3 § 6.4 (emphasis added).

For Plan years 2016-2018, the accumulated forfeitures were applied to reduce the Employer contribution required to fund matching contributions, as directed by the Plan's plain terms.  (SAC ¶¶ 63-65.)  For Plan years 2019-2022, the accumulated forfeitures were applied both to reduce the Employer contribution required to fund matching contributions, and to pay reasonable administrative expenses of the Plan, also as permitted by the Plan.  (SAC ¶¶ 66-69.)

In their Second and Third Causes of Action, Plaintiffs allege Defendants breached their duties under ERISA by: (1) applying forfeited employer contributions to reduce future employer contributions, rather than to pay Plan expenses; and (2) engaging in an unidentified "prohibited transaction."  For the reasons below, Plaintiffs fail to state a claim on either of these bases.

## STANDARD OF REVIEW

### I.    RULE 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plaintiffs' allegations must therefore allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allegations that "do little more than recite the elements" of the plaintiff's claim are insufficient to avoid dismissal. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021).

As the United States Supreme Court has acknowledged, a motion to dismiss is an "important mechanism for weeding out meritless claims" in the ERISA context. *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014).  Because the "prospect of discovery in a suit claiming

195617480.3

5

breach of fiduciary duty is ominous, potentially exposing the ERISA fiduciary to probing and costly inquiries and document requests," careful judicial scrutiny is important "to prevent settlement extortion." *Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 719 (2d Cir. 2013). Thus, as the Supreme Court recently emphasized in analyzing whether ERISA plaintiffs stated a plausible fiduciary breach claim, "courts must give due regard to the range of reasonable judgments a fiduciary may make based on her experience and expertise" while applying "the pleading standard discussed in" *Twombly* and *Iqbal*. *Hughes v. Nw. Univ.*, 595 U.S. 170, 177 (2022).

## ARGUMENT

### A. PLAINTIFFS IMPROPERLY AMENDED TO ALLEGE THEIR SECOND AND THIRD CAUSES OF ACTION WITHOUT LEAVE OF COURT

As an initial matter, Plaintiffs have already amended their pleading as a matter of course, and now may only do so with Defendants' "written consent or the Court's leave." Fed. R. Civ. P. 15(a). In its August 30, 2024, Order, the Court granted Plaintiffs limited leave to file an amended complaint "curing the deficiencies" discussed therein, but instructed that Plaintiffs "may not add additional claims or parties without Defendants' consent or leave of court." (ECF No. 102 at 7.) Plaintiffs acted outside that leave by advancing new legal theories premised on a new set of factual allegations in the Second Amended Complaint's Second and Third Causes of Action. Plaintiffs' new theories about alleged improper use of forfeitures appear nowhere in their first two complaints—in fact, the word "forfeiture" does not appear at all. These claims should be dismissed for that reason alone. *See A.C.L. Computers & Software, Inc. v. United States*, No. 3:16cv01485-SK, 2017 WL 6060267, at *4 (N.D. Cal. Mar. 13, 2017), *aff'd*, 727 F. App'x 376 (9th Cir. 2018) ("The Court could dismiss Plaintiff FAC [sic] based solely on its failure to seek leave of court to amend."); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (affirming denial of leave to amend where additional claims "advance different legal theories and require proof of different facts").[3]

---

[3] Even if Plaintiffs request leave to amend their pleading to add the new claims, such request should be denied. In determining whether to grant leave, "a district court must consider whether the

## B. PLAINTIFFS DO NOT STATE A CLAIM FOR BREACH OF THE FIDUCIARY DUTY OF LOYALTY

In their Second Cause of Action, Plaintiffs claim Defendants breached their duty of loyalty by using forfeitures to reduce employer contributions rather than to pay Plan expenses. (SAC ¶¶ 55, 71.) These allegations fail because they contradict well-established legal authority, Department of Treasury regulations, and the plain terms of the Plan.

To begin, there is nothing improper about Defendants' use of forfeitures to reduce employer contributions. To the contrary, this use is *required* by regulation. 26 C.F.R. § 1.401-7(a) ("forfeitures arising from severance of employment, death, or for any other reason . . . must be used as soon as possible to reduce the employer's contributions under the plan").[4] Each year, Ferguson makes "matching" contributions as set forth in the Plan, in which employees do not fully vest until five years of employment with Ferguson. If an employee leaves before becoming vested in their matching contributions, the employee is never entitled to receive the matching contributions, so those unearned contributions are forfeited back to the Plan. Put another way, the forfeited amounts represent *excess contributions* made by the Plan. As such, it is appropriate for these amounts to be re-allocated to other Plan participants as set forth in the Plan and consistent with ERISA's requirements and regulations. (*See* Ex. 1, Section 6.4 (forfeitures "shall be applied to reduce the Employer contribution required to fund Matching Contributions or, as directed by the Plan Administrator or Employer, to pay reasonable administrative expenses of the Plan.").)

---

proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic." *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). If leave had previously been granted, district courts have "particularly broad" discretion in deciding subsequent motions for leave to amend. *Id.* Here, Plaintiffs' new claims and allegations are based on public data which was available to Plaintiffs two years ago when they initiated this action. Any request for leave to amend should be denied as resulting from undue delay, prejudicial to Defendants, and futile.

[4] The Treasury Department proposed an update to these regulations in 2023. *See* Use of Forfeitures in Qualified Retirement Plans, 99 Fed. Reg. 12282 (Feb. 27, 2023). The proposal continues to permit the use of forfeitures to reduce employer contributions and identifies additional permitted uses. *Id.* at 12285.

195617480.3

7

Here, Plaintiffs identify no statutory or regulatory provisions that even mention forfeitures, much less prohibit using them exactly as the Treasury Department has always allowed.  Instead, Plaintiffs challenge that Defendants' actions ***consistent*** with ERISA and its implementing regulations, and ***consistent*** with the terms of the Plan somehow constitute a fiduciary breach.  This attempt at stating a claim is completely without merit.

Furthermore, Plaintiffs' allegations seek to force Defendants to provide a benefit not promised by the Plan—the payment of Plan expenses.  This is inappropriate, as ERISA does not "mandate what kind of benefits employers must provide."  *Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996).  Instead, it protects the benefits promised under a plan.  *See Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1100 (9th Cir. 2004).   Here, the Plan directs Defendants to apply forfeited amounts to reduce the employer's required contribution to fund matching contributions, or, as directed, to pay reasonable administrative expenses of the Plan.  (Ex. 1, Section 6.4.)  Under Plaintiffs' theory of relief, to comply with their duty of loyalty Defendants would always have to apply the forfeited amounts to pay the Plan's administrative expenses.  This is not required by ERISA.  *Collins v. Pension & Ins. Comm. of S. Cal. Rock Prod. & Ready Mixed Concrete Ass'ns*, 144 F.3d 1279, 1282 (9th Cir. 1998) (ERISA does not require a fiduciary "to resolve every issue of interpretation [of a plan document] in favor of plan beneficiaries.")

Just a few months ago, this Court applied these fundamental principles to dismiss a breach of loyalty claim based on allegations just like Plaintiffs'.  *Hutchins v. HP, Inc.*, No. 5:23cv05875-BLF, 2024 WL 3049456 (N.D. Cal. June 17, 2024).  In *Hutchins*, the court held that this theory "would improperly extend the protection of ERISA beyond its statutory framework" because to accept it would mean that "the fiduciary duties of loyalty and prudence create a benefit: the payment of [plaintiff's] administrative costs."  *Id.* at *6.  In other words, Plaintiffs' theory "would require any fiduciary to use forfeited amounts to pay administrative costs regardless of" particular context or circumstances.  *Id.*

But under ERISA, "the fiduciaries' duties are found largely in the terms of the plan itself."  *Id.* (citations omitted).  As such, it is "neither disloyal nor imprudent under ERISA to fail to maximize pecuniary benefits."  *Id.*  That is particularly so where, as here, the Plan expressly

195617480.3

8

mandates that Defendants "*shall*" use forfeitures to reduce employer contributions, unless otherwise directed.  Ex. 1 § 6.4 (emphasis added); *see also Garcia v. Busby*, No. 2:14cv04224-VBF-PLA, 2014 WL 2761333, at *3 (C.D. Cal. June 17, 2014) (observing the "venerable principle of construction that the word 'shall' indicates that the action is mandatory").

In contrast, in *Rodriguez v. Intuit, Inc.*, Plaintiffs successfully alleged a breach of loyalty claim where they pleaded Defendants acted ***against Plan terms*** by allocating forfeitures to reduce matching contributions, where such use was not permitted by the plan.  No. 5:23cv05053-PCP, 2024 WL 3755367, at *6 (N.D. Cal. Aug. 12, 2024) (holding that the plaintiff stated a breach of loyalty claim because she "plausibly alleged that the Plan did not authorize the specific decisions made by [defendant] with respect to the use of forfeited Matching Contributions").  Here, Plaintiffs do not and cannot make any such allegations.  Again, the Plan explicitly instructs Defendants to use forfeitures to reduce employer contributions. (*See* Ex. 1, Section 6.4.)  As a result, Plaintiffs fail to state a plausible breach of fiduciary duties claim, and the Second Cause of Action should be dismissed.

## C.  PLAINTIFFS FAIL TO ALLEGE A PROHIBITED TRANSACTION

Plaintiff's attempt in their Third Cause of Action to allege Ferguson's participation in a prohibited transaction likewise falls short.  (SAC ¶¶ 97-100.)  To state a claim under 29 U.S.C. § 1106, Plaintiffs must allege a fiduciary caused the plan to engage in certain, enumerated transactions with a "party in interest" or a fiduciary of the plan.  Here, Plaintiffs allege only (1) forfeited amounts were held in the Plan's forfeiture account, and (2) were then re-allocated to individual accounts within the Plan as part of Ferguson's matching contribution share.  (SAC ¶¶ 59-71.)  Plaintiffs fail to allege ***any*** transaction—much less a prohibited one.  As a result, Plaintiffs fail to state a claim.

Within the meaning of Section 1106, "transaction" refers to "commercial bargains that present a special risk of plan underfunding because they are struck with plan insiders, presumably not at arm's length," such as "the sale, exchange, or leasing of property," "the lending of money or extension of credit," or "the furnishing of goods, services, or facilities."  *Spink*, 517 U.S. at 893 (cleaned up).  The "incidental and thus legitimate benefits a plan sponsor may receive from the operation" of a retirement plan do not constitute a "transaction."  *Id.* (internal quotation marks

195617480.3

9

omitted).  And specifically, "a redistribution within the plan of the plan assets" between participants is not a "transaction." *Hutchins*, 2024 WL 3049456, at *9 (citing *Chao v. Hagemeyer N. Am., Inc.*, No. 2:06cv01173-PMD, 2006 WL 8443663, at *6 (D.S.C. Oct. 20, 2006)).  That is because, again, redistributing unvested contributions does not involve any "commercial bargain" between the Plan and any other party.  And, as the Court explained in *Hutchins*, "the fact that reallocation of the forfeited amounts will reduce the amount that [the employer] contributes as matching contributions in the future does not make this a transaction for purposes of § 1106."  2024 WL 3049456, at *9 (citing *Black v. Greater Bay Bancorp Exec. Supplemental Comp. Benefits Plan*, No. 3:16cv00486-EDL, 2017 WL 8948732 (N.D. Cal. Jan. 18, 2017)).  Because Plaintiffs fail to identify a transaction, the Third Cause of Action should be dismissed.  *See Wright*, 360 F.3d at 1101 (failure to identify a transaction requires dismissal of claim under 1106(a)(1) and 1106(b)).

### D.  PLAINTIFFS' JURY DEMAND SHOULD BE STRICKEN

Finally, as the Court made clear in its August 30, 2024 Order, Plaintiffs have no right to a jury trial.  (ECF No. 102 at p. 5-6 (striking Plaintiffs' jury demand).)  Rule 12(f) is "commonly employed" to "strike a plaintiff's demand for a jury trial where as a matter of law the plaintiff has no right to a jury trial."  *Spano v. Boeing Co.*, No. 3:06cv00743-NJR-DGW, 2007 WL 1149192, at *6 (S.D. Ill. Apr. 18, 2007).  Furthermore, "controlling Ninth Circuit authority holds that there is no right to a jury trial for fiduciary breach claims brought under ERISA[.]"  *In re First Am. Corp. ERISA Litig.*, No. 8:07cv01357-JVS-RNB, 2009 WL 536254, at *2 (C.D. Cal. Feb. 9, 2009).  "Participants and beneficiaries of an ERISA plan are not statutorily or constitutionally entitled to a jury trial for claims brought under, or preempted by, Section 502 of ERISA."  *Nielsen v. Unum Life Ins. Co. of Am.*, 58 F. Supp. 3d 1152, 1160 (W.D. Wash. 2014).  This is because ERISA's remedies "are equitable in nature for purposes of the Seventh Amendment jury trial right."  *Spano*, 2007 WL 1149192, at *8 (collecting cases).  The Ninth Circuit has therefore reaffirmed several times over that ERISA plaintiffs cannot pursue a trial by jury.  *See, e.g.*, *Thomas v. Oregon Fruit Prod. Co.*, 228 F.3d 991, 995 (9th Cir. 2000); *Spinelli v. Gaughan*, 12 F.3d 853 (9th Cir. 1993); *Nevill v. Shell Oil Co.*, 835 F.2d 209, 212-13 (9th Cir. 1987).  Thus, the Court should again strike Plaintiffs' jury

195617480.3

10

NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWO AND THREE OF PLAINTIFFS' SECOND AMENDED COMPLAINT AND TO STRIKE PLAINTIFFS' JURY DEMAND

demand, stated in the caption of the Second Amended Complaint, under Rule 12(f). (*See* SAC, p. 1.)

**CONCLUSION**

For the foregoing reasons, the Court should dismiss the Second Amended Complaint's Second and Third Causes of Action with prejudice and award Defendants their costs and any other appropriate relief.

DATED: October 25, 2024                McGuireWoods LLP


By:  */s/ Andrew W. Russell*

Andrew W. Russell, Esq.
Peter N. Farley, Esq.(*pro hac vice*)
Heidi E. Siegmund, Esq. (*pro hac vice*)
Attorneys for Defendants
FERGUSON ENTERPRISES, LLC;
RETIREMENT PLAN COMMITTEE OF
FERGUSON ENTERPRISES, LLC 401(K)
RETIREMENT SAVINGS PLAN

NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWO AND THREE OF PLAINTIFFS' SECOND
AMENDED COMPLAINT AND TO STRIKE PLAINTIFFS' JURY DEMAND