UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERA BOZZINI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FERGUSON ENTERPRISES LLC, et al.,<br><br>    Defendants. | Case No. 22-cv-05667-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 110 |

In this putative class action, Tera Bozzini and Adrian Gonzales (the "Plaintiffs") assert claims against Ferguson Enterprises, LLC and the Retirement Plan Committee of the Ferguson Enterprises, LLC 401(k) Retirement Savings Plan (together, "Defendants" or "Ferguson") for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S. §§ 1001 *et seq.* Ferguson moves to dismiss the second and third causes of action asserted in the operative second amended complaint ("SAC"). It also moves to strike Plaintiffs' jury demand.[1] Having considered the papers filed by the parties, the relevant legal authority, and the file in this matter, the Court **GRANTS** the motion for the reasons set forth below.[2] The hearing currently set for June 5, 2025 is hereby **VACATED**.

The two causes of action Ferguson challenges concern the alleged mishandling of forfeited

---

[1] Plaintiffs consent to the striking of the jury demand, explaining that it appears in the caption of the operative complaint due to a scrivener's error. ECF 113 ("Opp.") at 6 n.3. The demand is hereby **STRICKEN**.

[2] This order assumes familiarity with the relevant facts and case background, including the plan documents Ferguson offers in support of its motion, which are properly incorporated by reference. *See Stolte v. Securian Life Ins. Co.*, 621 F. Supp. 3d 1034, 1041 (N.D. Cal. 2022).

1  funds, i.e., contributions made on behalf of Ferguson employees who leave the company before
2  becoming fully vested.  Ferguson's alleged misuse of those funds – by using them to reduce
3  Ferguson's contribution obligations instead of offsetting expenses – is the basis for Plaintiffs'
4  second cause of action for breach of the duty of loyalty under 29 U.S.C. § 1104(a)(1)(A), and their
5  third cause of action for engaging in a prohibited transaction within the meaning of 29 U.S.C.
6  § 1106(a)(1)(A).

7  Ferguson moves to dismiss the claims for two reasons.  First, Ferguson argues that the
8  claims are new, rest on factual allegations not pleaded in Plaintiffs' prior complaint, and offer new
9  theories of liability, in violation of the Court's August 30, 2024 dismissal order.  ECF 110
10 ("Mot.") at 8.  That order allowed Plaintiffs to file an amended pleading curing certain
11 deficiencies but did not allow Plaintiffs to add claims or parties without Defendants' consent or
12 leave of Court.  ECF 102 ("Order") at 7.  Second, Ferguson argues that the alleged mishandling of
13 forfeited funds is insufficient to state a claim for breach of the duty of loyalty or a prohibited
14 transaction.  Mot. at 9-12.

15 Ferguson's first argument is well-taken.  In filing their second amended complaint,
16 Plaintiffs have introduced a new legal theory in violation of the Court's Order.  The prior iteration
17 of the complaint, which spanned 100 pages and asserted eight causes of actions, made no mention
18 of forfeited contributions at all, much less that their mishandling gave rise to the duty of loyalty
19 and prohibited transactions claims asserted in that pleading.  *See generally* ECF 44 ("FAC")
20 ¶¶ 388, 389, 397.  Plaintiffs now want to change the theory of their original duty of loyalty and
21 prohibited transactions claims.  While "several plaintiffs have recently challenged a practice by
22 which retirement plan administrators use forfeited plan funds to reduce their own administrative
23 expenses instead of offsetting administrative costs to plan participants," *McManus v. Clorox Co.*,
24 No. 4:23-CV-05325-YGR, 2025 WL 732087, at *1 (N.D. Cal. Mar. 3, 2025), to the extent
25 Plaintiffs seek to assert this theory in this action, they have not obtained Ferguson's consent or
26 leave of Court.  Accordingly, dismissal of claims two and three is appropriate for this reason
27 alone.

28 Even if Plaintiffs had properly obtained Ferguson's consent or leave of Court, the claims

1  would nonetheless fail as currently pleaded.  Plaintiffs allege that Ferguson opted to use nearly all

2  forfeited funds – approximately $18 million – to reduce its contribution obligations, instead of

3  saving the plan and its participants millions in administrative expenses.  *See* SAC ¶¶ 63-69, 88-96.

4  According to Plaintiffs, "[b]y exercising discretion to direct forfeited funds only for the [p]lan's

5  benefit rather than the benefit of [p]lan participants, Defendants violated their duty of loyalty to

6  [p]lan participants."  Opp. at 11.  More is required to state a viable claim for breach of the duty of

7  loyalty.  *See Hutchins v. HP Inc.*, 737 F. Supp. 3d 851, 862-63 (N.D. Cal. 2024) ("Plaintiff's

8  theory would require any fiduciary to use forfeited amounts to pay administrative costs regardless

9  of any such context or circumstances.  This broad allegation is implausible because it would

10 improperly extend ERISA beyond its bounds and would be contrary the settled understanding of

11 Congress and the Treasury Department regarding defined contribution plans like the one at issue

12 in this case."); *Rodriguez v. Intuit, Inc.*, 744 F. Supp. 3d 935, 943-44 (N.D. Cal. 2024) (allowing

13 duty of loyalty claim to survive motion to dismiss where the plaintiff alleged the defendants'

14 actions not only violated their duties under ERISA but that they also violated the plan documents

15 by using forfeiture contributions other than as allowed by the plan); *McManus*, 2025 WL 732087,

16 at *5 (denying motion to dismiss duty of loyalty claim where the plaintiffs "sufficiently plead[ed]

17 context-specific claims that defendants had enough information to know [their] decision was

18 imprudent to meet the plausibility threshold.").

19         Plaintiffs' prohibited transactions claim fares no better.  Plaintiffs allege that "[b]y taking

20 the funds in the [f]orfeiture account every year to be used for its own benefit, the Defendant was

21 engaging in a prohibited practice.  Defendant wrongfully took and utilized [p]lan assets for its own

22 benefit in violation of ERISA[,]" resulting in $15 million in losses to the plan and plan

23 participants.  SAC ¶¶ 99-100.  Without more, these allegations fail.  *See Rodriguez*, 744 F. Supp.

24 3d at 949 (finding plausible prohibited transaction claim where the plaintiff alleged that the

25 defendants' "reallocation of forfeitures created a benefit to it to the detriment of the [p]lan by

26 reducing the funds available to participants and for investment."); *Hutchins*, 737 F. Supp. 3d at

27 868 ("Plaintiff's allegations show that forfeited amounts remain [p]lan assets and are merely

28 reallocated to provide pension benefits to other employees through use as matching contributions.

3

But this is not a prohibited transaction."); *see also Hutchins v. HP Inc.*, --- F. Supp. 3d ---, ---, 2025 WL 404594, at *8 (N.D. Cal. Feb. 5, 2025), *appeal filed*, No. 25-826 (dismissing prohibited transaction claim where "the plan assets at issue were used to fulfill participants' benefits under the [p]lan, and there was no apparent risk of [p]lan underfunding.").

For the reasons set forth above, Plaintiffs' second and third causes of action are **DISMISSED**. Should Plaintiffs wish to seek leave to amend, they must file a motion within 7 days, with Defendants' response due 7 days thereafter, and Plaintiffs' reply due within 4 days of Defendants' response.

**IT IS SO ORDERED.**

Dated: May 29, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**