UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERA BOZZINI, et al.,

        Plaintiffs,

    v.

FERGUSON ENTERPRISES LLC, et al.,

        Defendants.

Case No. 22-cv-05667-AMO

**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL WITHOUT PREJUDICE**

Re: Dkt. No. 141

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. Dkt. No. 141. As set forth in this Court's Standing Order for Civil Cases, "[a]ny motion for preliminary or final approval of a class action settlement must address the respective guidelines in the Northern District of California's Procedural Guidance for Class Action Settlements, available at https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/, in the order the guidelines are presented on the website." Standing Order ¶ K. The instant motion does not sufficiently address this District's Procedural Guidance for Class Action Settlements. Among other things, the motion does not address Guideline 1.3, which concerns "[t]he class recovery under the settlement (including details about and the value of injunctive relief), the potential class recovery if plaintiffs had fully prevailed on each of their claims, claim by claim, and a justification of the discount applied to the claims[,]" Guideline 2, which concerns the settlement administrator selection process and its procedures for securely handling class member data, or Guideline 11, which outlines detailed information that should be provided about comparable outcomes. The Guidelines further specify that "[c]ounsel should summarize this information in easy-to-read charts that allow for quick comparisons with other cases, supported by analysis in the text of the motion." Because the motion does not sufficiently address the District Guidelines, it is **DENIED WITHOUT PREJUDICE**. Plaintiffs may re-

submit a motion within 60 days of this order, with proposed orders filed on the docket as well as emailed to chambers in Word format, as required by Guideline 12.

Any renewed motion shall explain why preliminary approval is appropriate notwithstanding the following provisions, to the extent they remain in any settlement put forward in connection with the renewed motion:

Sections 3.1.8 and 3.1.9 of the settlement agreement, which outline certain provisions to be included in any proposed final approval order, including those providing that: "the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation, as approved by the Court, and as administered by the Settlement Administrator," and that "with respect to any matters that arise concerning the implementation of distributions to Class Members who are Current Participants in the Plan (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan Administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan[.]"

Section 6.4 of the settlement agreement, which provides: "Defendants will take no position with respect to Class Counsel's application for Attorney's Fees and Costs and Case Contribution Awards so long as consistent with the terms of the Settlement."

Section 7.1 of the settlement agreement, which provides:

> As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Article 2) and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalf and on behalf of the Plan, shall fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties from the Released Claims, **whether or not such Class Members have received or will receive a monetary benefit from the Settlement**, whether or not such Class Members have actually received the Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and **whether or not the objections or claims for distribution of such Class Members have been approved or allowed**.

Paragraph D of the proposed plan of allocation, which provides:

United States District Court
Northern District of California

United States District Court
Northern District of California

The amounts resulting from th[e] initial calculation shall be known as the "Preliminary Entitlement Amount." Current Participants with a Preliminary Entitlement Amount of $0 shall not receive a distribution from the Net Settlement Amount. Class Members without accounts under the Plan (such as Former Participants, Beneficiaries, and Alternate Payees) who are entitled to a distribution of $9.99 or less (the "De Minimis Amount") will not receive a distribution from the Net Settlement Amount. The Settlement Administrator shall then recalculate the entitlement amount excluding the participants described in the preceding two sentences. The resulting calculation shall be the "Final Entitlement Amount" for each Settlement Class Member entitled to a distribution. The sum of the Final Entitlement Amounts for the remaining Class Members must equal the dollar amount of the Net Settlement Amount."

Paragraphs G-H of the proposed plan of allocation, which provide:

The Settlement Administrator shall utilize the calculations required to be performed herein for making the required distributions of the Entitlement Amount, less any required tax withholdings or penalties, to each Class Member. In the event that the Settlement Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Amount, the Settlement Administrator is authorized to make such changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Amount. The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

If the Settlement Administrator concludes that it is impracticable to implement any provision of the Plan of Allocation, it shall be authorized to make such changes to the methodology as are necessary to implement as closely as possible the terms of the Settlement Agreement, so long as the total amount of distributions does not exceed the Net Settlement Amount.

• Paragraph I of the proposed plan of allocation, which provides:

No sooner than twenty (20) calendar days following the expiration of all undeposited checks issued pursuant to this Plan of Allocation, any amount remaining in the Qualified Settlement Fund shall be paid to the Plan's appropriate expense account to offset Plan Participants' future expenses.

Additionally, the Court notes that certain factual assertions made in the motion are not supported by appropriate references to the record as required by Civil Local Rule 7-5. For example, the statements purporting to support each named plaintiff's request for a service award of up to $7,500 or those claiming that neither of them has an interest that conflicts with that of the class lack a cite to any sworn statement from the plaintiffs.

3

The Court also notes that four firms ask to be appointed class counsel, though only two of them have litigated the case since inception. The Court is not inclined to appoint all four firms absent a further showing.

Finally, to the extent the settlement agreement contemplates review and approval by an independent fiduciary "to approve and authorize the settlement[,]" the parties have not sufficiently addressed why such process is appropriate here or why it should occur after preliminary approval by this Court.

**IT IS SO ORDERED.**

Dated: January 26, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

4