United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERA BOZZINI, et al.,

Plaintiffs,

v.

FERGUSON ENTERPRISES LLC, et al.,

Defendants.

Case No. 22-cv-05667-AMO

**ORDER DENYING WITHOUT PREJUDICE REVISED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Re: Dkt. No. 145

Before the Court is Plaintiffs' revised motion for preliminary approval of class action settlement. Dkt. No. 145 ("Mot."). Because the parties have failed to correct certain issues raised by the Court in its January 26, 2026 Order denying Plaintiffs' original motion, and the Court has identified additional deficiencies after reviewing Plaintiffs' revised submission, the instant motion is **DENIED WITHOUT PREJUDICE**. The hearing currently set for August 6, 2026 is hereby **VACATED**.

First, Plaintiffs have not sufficiently explained "[a]ny differences between the settlement class and the class proposed in the operative complaint . . . and . . . why the differences are appropriate." Guideline (1)1.[1] The class proposed in the operative second amended complaint is: "[a]ll persons, except Defendants, and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between September 30, 2016 through the date of judgment (the 'Class Period')." Dkt. No. 106 ("SAC") ¶ 72. That is different than what appears in the Settlement Agreement, which defines the Settlement Class as "all persons who were participants in or beneficiaries of the Plan, at any time during the Class Period,[2] and any Alternate Payee of a

[1] All Guideline references are to the District's Procedural Guidance for Class Action Settlements.

[2] The Class Period is "September 30, 2016, through the date the Preliminary Approval Order is entered by the Court in this Action." Dkt. No. 145-2 ("Settlement Agreement") ¶ 1.12.

Person subject to a QDRO [Qualified Domestic Relations Order] who participated in the Plan at any time during the Class Period." Settlement Agreement ¶ 1.45. It also differs from the class definition set forth in the proposed long form notice, which reads:

> You are included as a Class Member if you are a current or former participant of the Plan or a beneficiary of the Plan at any time during the period from September 30, 2016, to [DATE OF PRELIMINARY APPROVAL] (the 'Class Period'), or an alternate payee of a person who participated in the Plan during the Class Period.

Dkt. No. 145-2 ("Notice") at 37. Plaintiffs have not explained these variations because they assert:

> No change except that the Class Period is defined to run through the date of entry of the Preliminary Approval Order, rather than the open-ended "date of judgment" as defined in the complaint. This date certain is necessary so that the Class Members can be identified and receive notice of the proposed Settlement prior to the Final Fairness Hearing.

Mot. at 4. This assertion does not address the addition of the varying language regarding alternate payees and the elimination of the following language from the class definition pleaded in the operative complaint: "except Defendants, and their immediate family members".

Second, Plaintiffs have not adequately explained "[a]ny differences between the claims to be released and the claims in the operative complaint . . . and an explanation as to why the differences are appropriate." Guideline (1)2. The operative complaint asserts four causes of action: (1) breach of the duty of prudence, (2) breach of the duty of loyalty, (3) engaging in prohibited transactions, and (4) failure to monitor other fiduciaries. SAC ¶¶ 79-107. Defendant successfully moved to dismiss two of those claims, leaving Plaintiffs' claims for breach of the duty of prudence and for failure to monitor other fiduciaries remaining. Dkt. No. 123 ("Order Granting Motion to Dismiss"). Yet, Plaintiffs state, as to differences between the claims to be released and the claims in the operative complaint: "None. The Settlement includes the claim in the operative Complaint (Dkt. No. 106) that survived Defendants' motions to dismiss. The claim

United States District Court
Northern District of California

is for alleged excessive recordkeeping fees."[3] Mot. at 4. The "Released Claims," as defined in the Settlement Agreement, appear to be broader than any claims for breach of the duty of prudence or failure to monitor other fiduciaries insofar as the factual basis for these claims is the alleged excessive recordkeeping fees. That definition includes, among other things,

> [A]ny and all losses, damages, unjust enrichment, attorneys' fees, disgorgement, litigation costs, restitution, injunctive relief, declaration, contribution, indemnification or any other type or nature of legal or equitable relief, actions, demands, rights, obligations, liabilities, expenses, costs, and causes of action, accrued or not, whether arising under federal, state, or local law, whether by statute, contract, or equity, whether brought in an individual or representative capacity, whether accrued or not, whether known or unknown, suspected or unsuspected, foreseen or unforeseen based in whole or in part on:
>
> (i) The selection, oversight, retention, or monitoring of the Plan's recordkeeping and administration service providers; (ii) the recordkeeping and administrative services provided to the Plan or the cost of those services; (iii) the compensation received by the Plan's recordkeeping and administrative services providers; and (iv) alleged breaches of the duty of care, prudence, or other duties under ERISA arising out of or relating to any of the foregoing;

Settlement Agreement ¶ 1.38.

Fourth, Plaintiffs' proposed long form notice is deficient. It currently requires class members who wish to object to send their written objections to counsel for the parties and the Court. Notice at 43. Under Guideline 5, however, "[t]he notice should instruct class members who wish to object to the settlement to send their written objections only to the court." The notice also imposes a requirement that any objector include "a list of any other objections to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five years." *Id.* The Court will not adopt this requirement because it does not align with the language suggested in the Guidelines, which does not contain that proposed requirement. The notice also does not make clear that the Court "cannot change the terms of the

---

[3] Because, contrary to the existing state of the pleadings, Plaintiffs represent that only a single claim for alleged excessive recordkeeping remains at issue, they have not fully addressed Guideline (1)3., which provides that the motion should provide "[t]he class recovery under the settlement . . . , the potential class recovery if plaintiffs had fully prevailed on each of their claims, ***claim by claim***, and a justification of the discount applied to the claims."

settlement[,]" thus failing to adhere to the model notice language in the Guidelines. *See* Guideline 5. The notice currently lists courthouse information for the San Francisco Division. *Id.* This must be updated to include courthouse information for the Oakland division[4] rather than the San Francisco division, or the "Southern Division" referenced at the top of the notice.[5] *See* Notice at 37.

Fifth, Plaintiffs' proposed timeline from preliminary approval to final approval does not allow Class Members sufficient time to object or the Court sufficient time to review submissions by Class Members or the parties in advance of the final fairness hearing. Currently, Plaintiffs propose filing their motion for fees and expenses 45 days before the final fairness hearing, with objections due 28 days before the final fairness hearing. Mot. at 3. This does not give Class Members "at least thirty-five days to opt out or object to the settlement and the motion for attorney's fees and costs." Guideline 5. It also does not give the Court sufficient time with the forthcoming submissions, as Plaintiffs' proposal allows objections to be filed up to 28 days before the final fairness hearing, and the parties' responses to those objections to be filed up to 5 days before the final fairness hearing. Any response from the parties shall be filed at least 30 days before the final fairness hearing, and any response from Plaintiffs should be incorporated into a consolidated reply in support of final approval and fees, not to exceed 15 pages. Plaintiffs shall therefore revise their proposed timeline to base all deadlines on the date of the preliminary approval order, rather than setting some deadlines based on that date and others based on the hearing date, which may be rescheduled as the Court's calendar requires.

Sixth, Plaintiffs' motion does not give complete "information about the fees and costs (including expert fees) they intend to request. . . ." *See* Guideline 6. For example, the Settlement Agreement provides for settlement administration fees not to exceed $110,000, but in the motion and in the long form notice, that figure is represented as being capped at $120,000, not $110,000.

---

[4] While Plaintiffs must update the notice with Oakland courthouse information to reflect the correct location of this Court, the notice must nonetheless include "[i]nstructions on how to access the case docket via PACER or in person ***at any of the court's locations***." *See* Guideline 3.

[5] To the extent any of the above language appears in the postcard notice, Plaintiffs shall conform it accordingly.

*Compare* Settlement Agreement ¶ 5.1.1 *with* Long Form Notice at 40 & Motion at 18, 23. Plaintiffs provide no explanation for this discrepancy. The Settlement Agreement also contemplates a recordkeeper fee not to exceed $1,500, but that figure does not appear in the motion for preliminary approval. *Compare* Settlement Agreement ¶ 5.1.2 *with* Motion.

Seventh, Plaintiffs have not adequately addressed comparable outcomes. They provide minimal information about comparator cases and assert that "the percentage of potential damages recovered is well within the range found to be reasonable by other courts in this District evaluating similar settlements." Mot. at 5 (citing *Tobias v. NVIDIA Corp.*, 4:20-cv-06081-JST (N.D. Cal. Dec. 18, 2025); *Miguel v. Salesforce.com Inc.*, No. 3:20-cv-01753-MMC, Dkt. 199 (N.D. Cal. April 4, 2025)). However, Plaintiffs do not provide the following information about their comparator cases, which is required under Guideline 11: "the total number of class members to whom notice was sent, the method(s) of notice . . . the average recovery per class member or claimant, . . . the administrative costs, the attorneys' fees and costs, [and] the total exposure if the plaintiffs had prevailed on every claim."

Eighth, the Court notes that the parties addressed certain provisions the Court identified in its prior Order denying Plaintiffs' initial motion for preliminary application. Should Plaintiffs file a further revised motion, they shall provide citations, with pincites, to cases in which courts have approved language comparable to that found in Sections 3.1.8, 3.19, and 7.1 of the Settlement Agreement, Paragraphs G-I of the Plan of Allocation, and the newly-added provision addressing the proposed guaranteed de minimus payment. Plaintiffs are encouraged to "summarize this information in easy-to-read charts that allow for quick comparisons with other cases, supported by analysis in the text of the motion." *See* Guideline 11 (Comparable Outcomes).

Finally, Plaintiffs, again, did not comply with Guideline 12, which requires electronic Word versions of all proposed orders and notices be submitted to the undersigned's proposed orders email. If Plaintiffs file a further revised motion, they shall email Word versions of all required materials to the Court's proposed orders email the same day those papers are filed.

For the reasons set forth above, Plaintiffs' revised motion for preliminary approval is **DENIED**. Plaintiffs may re-file a further revised motion within 30 days that cures the

deficiencies noted above. Plaintiffs shall additionally file redlined versions of their submissions so that the Court is able to quickly identify whether they have addressed the issues discussed in this Order. The Court urges Plaintiffs to carefully follow the Procedural Guidance for Class Action Settlements and conform their submissions accordingly.

**IT IS SO ORDERED.**

Dated: August 5, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**